**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EATERN DISTRICT OF MISSOURI**
**EASTERN  DIVISION**

| | | |
|---|---|---|
| DORISE  ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: 4:16-CV-015976 - RWS |
| V. | ) | |
| | ) | |
| NORTH AMERICA CENTRAL SCHOOL | ) | |
| BUS D/B/A MISSOURI CENTRAL SCHOOL | ) | |
| BUS | ) | |
| | ) | |
| & | ) | |
| | ) | |
| ALBERT CARMEL | ) | |
| (Officially as Supervisor) | ) | |

Defendants.

**PLAINTIFF'S,**
**AMENDED COMPLAINT**

Plaintiff, Dorise Robinson, for her First Amended Complaint against Defendants files said

Petition For Damages stemming from violations of TiTle VII of the Civil Rights Act as amended

and 42 U.S.C. section 1981, supporting same states as follows:

**JURY  DEMAND**

Plaintiff requests a trial by jury for all counts triable by jury.

**PARTIES, VENUE and JURISDICTION**

1.  Plaintiff is an African-American female residing in St Louis, (City) Missouri.

2.  Defendant, North America Central School Bus d/b/a Missouri Central School Bus(MCSB)
    is a business licensed to do business in the State Of Missouri and is an employer,
    perspective employer as defined under Title VII.

3.  Defendant Albert Carmel, for all times relevant to this action was employed by MCSB as
    a supervisor, as defined by Title VII.

4. Plaintiff also brings this action under the TiTle VII of the Civil Rights Act, et seq, as amended ("TiTle VII"), said claims are proper before this Court as pursuant to the Court's jurisdiction for discrimination based upon race, gender and retaliation.

5. That the unlawful employment practices complained of herein were committed in St Louis City, the State of Missouri;

6. That Plaintiff is a citizen of the United States, and was employed by Defendant, in the State Of Missouri.

7. That Plaintiff is an African-American, female.

8. That Defendant, MCSB is located at 1218 Central Industrial Dr., Suite A, St Louis Missouri 63110 and operates it's facility in the City of St. Louis, State of Missouri.

9. At all times relevant to this cause of action, Defendant employed more than six (6) people in the State of Missouri.

10. At all times relevant to this action, Defendant was an employer, joint employer, or prospective employer as defined in 42 U.S.C. Section 2000e, as well as Titile VII, et seq.; and was doing business is the City of St. Louis, Missouri.

11. That Plaintiff filed a charge of Discrimination with the Local Civil Rights Agency which was duly filed with the EEOC, charge numbers 28F-2015-00014 / STL-2015-14.

12. Throughout the administrative proceedings, Plaintiff submitted information regarding retaliation, for her engaging in protected activity as well as discrimination regarding her sex, female. Her claims within this Complaint are timely in that they are like or reasonably related to the information provided within the administrative process.

13. That Plaintiff was issued a Right To Sue Letter dated February 11, 2016.

14. That Plaintiff, filed this instant lawsuit within 90 days of her receipt of the issued Right to Sue Letter.

15. That Defendant, directly and through its agents, supervisors, and or employees, retaliated against Plaintiff and discriminated against and or retaliated against, Plaintiff, thereby violating Plaintiff's protections provided under the mentioned State and Federal Laws.

**FACTS COMMON TO ALL COUNTS**

2

**COMES NOW** Plaintiff, Dorise Robinson, by her undersigned attorney, James C. Robinson, and for her Amended Petition, per this Courts Order, against Defendants, states as follows:

16.  Plaintiff was employed by Defendant as a Licensed Driver in June of 2012.

17. At all times relevant to Plaintiff's employment for Defendant, Plaintiff performed her duties to the legitimate expectations of Defendant and at times exceeded said expectations.

18. Plaintiff was employed by Defendant until in 2014, she began to experience conduct she reasonably believed to be a violation of her protections under the law.

19. Plaintiff was treated differently from the other employees based upon her gender.

20. Plaintiff was subjected to retaliation, which adversely impacted a term and or condition of her employment.

21. Plaintiff's gender was a motivating factor in the actions of Defendant.

22. Plaintiff's act of submitting legitimate complaints to Defendant also was a motivating factor in the actions of Defendant.

23. Examples of Defendant's discriminatory conduct including, but are not limited to, the following events. To wit:

(a)  Defendant, by its agents, would refuse driver routes to Plaintiff, even when such extra routes were available for additional compensation.

(b) Defendant, by its agents, would routinely give away routes assigned to Plaintiff, thereby costing a decrease in pay to Plaintiff without justification or cause.

(c) Plaintiff complained that there was retaliatory conduct she experienced to her superiors and no action was taken.

(d) Plaintiff, during times relevant to this cause, was repeatedly called into meetings and berated, yelled at and threatened with termination. Plaintiff was referred to as "an Arrogant Bitch", "Bitch" and even directly threatened by supervisory personnel specifically threatening "I'll hit that Bitch in the head with a bat".  Plaintiff alerted Defendant she was contacting the EEOC to report their conduct.

(e) Plaintiff, was targeted for termination, In that, after Plaintiff's multiple complaints she was subjected to unexplained write ups and given punishment assignments designed to force a resignation or just create intolerable working conditions.

(f) Defendant, by its agents, were made aware of an employee Kawanda Mason, that threatened physical harm to Plaintiff and the management team took no action to protect Plaintiff. In fact, Supervisory personnel armed with this information coordinated environment, whereby, Kawanda Mason, in the work environment physically assaulted Plaintiff. The assault was captured on video surveillance and no action was taken.

(g) These acts and prohibited conducted started in 2014 and continued, becoming progressively worse.

24. Plaintiff is aware that other Drivers, which are not of her protected class, have in the past and even times relevant to this cause of action have complained about similar issues and there was immediate noticeable action taken.

25. Defendant does not treat male employees in the same manner in which it treated Plaintiff.

26. The agents, servants or employees of Defendant acting within the course and scope of their employment for Defendant accomplished all the actions and inactions described herein.

### COUNT  I

### TITLE VII( CIVIL RIGHTS ACT)
### Gender  Discrimination

27. Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

28. Plaintiff was treated worse than similarly situated male co-workers affecting terms and conditions of her employment because of her gender.

4

29. Plaintiff was disciplined for no legitimate reason.

30. Similarly situated male employees were not subject to the behavior described herein above.

31. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by Title VII, et. seq.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

33. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of Title VII. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

34. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

35. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

36. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

37. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

38. Defendant  is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(a)  Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

(b)  Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

(c)  Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under Title VII;

(d)        Awarding Plaintiff such punitive damages as will punish the Defendant

and deter future conduct along with any and all other relief allowed by

statute and as this court deems just and appropriate


## COUNT  II

### 42 U.S.C. Section 1981
### Retaliation

39. Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding
paragraphs of her complaint.


40. Plaintiff opposed the discriminatory conduct described hereinabove by making internal

complaint(s) to Defendant.

41. Defendant failed to ameliorate and or address Plaintiff's concerns as mentioned

hereinabove.

42. Plaintiff was threatened not to speak with anyone about her complaints or she would face

termination.

43. Plaintiff advised Defendant that she had spoken with the Local Civil Rights Agency /

EEOC about her concerns.

44. In response to the above notice that Plaintiff had spoken with the EEOC, Defendant

closely scrutinized Plaintiff's work; disciplined her for no legitimate reason and treated

her worse than others who had not spoken with the EEOC.

45. Plaintiff was advised that she received a written warning and when Plaintiff inquired

about the written warning, Defendant simply gave no explanation nor the nature of this

alleged written warning.

46. The conduct described herein and herein above was taken by Defendant in response to Plaintiff's many complaints opposing discriminatory conduct and her notifying the EEOC of her concerns after Defendant failed to ameliorate the conduct of Plaintiff's complaints.

47. By engaging in the behavior set forth herein above, Defendant engaged in conduct proscribed by 42 U.S.C. section 1981, et. seq.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress as well as other damages and loss and is therefore entitled to monetary damages.

49. The actions and inactions described hereinabove demonstrate that plaintiff was unlawfully discriminated against in the terms, conditions and privileges incident to his employment, such as, but not limited to, compensation, disparate treatment and retaliation and other considerations accorded other employees, because of her race, retaliation, all in violation of 42 U.S.C. sect. 1981. Defendant thus maintains a pattern, practice, and policy of racial and other discrimination and retaliation in employment opportunities, terms and conditions. Defendant gave false and pretextual reasons for actions taken in regard to plaintiff.

50. Defendant knew or should have known that its conduct as described herein involved an unreasonable risk of causing emotional distress to the plaintiff.

51. As a direct and proximate result of defendant's unlawful acts, plaintiff has suffered: Economic loss in the form of lost wages and lost benefits; vocational-professional losses in the form of a detrimental job record and diminished career potential; and personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

52. As a further direct and proximate result of defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein and relevant to the advancement of this cause, pursuant to the provisions of 42 U.S.C. Section 1981; Including any expert witness fees, as provided by Section 706(k) of Title VII, 42 U.S.C. Section 2000(e) – 5(k), as amended.

53. The discrimination described hereinabove against plaintiff by defendant was intentional, willful, wanton, malicious, and or outrageous, being engaged in such conduct he knew or should have known would cause the herein damages; because of defendant's evil motive and or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

54. Defendant is liable for the conduct described hereinabove.

WHEREFORE, Plaintiff prays that this court:

(e)     Direct Defendants to place Plaintiff in the position she would have occupied but for the Defendants'' discriminatory treatment, and make her whole for all earnings she would have received but for Defendants' conduct including but not limited to wages and lost benefits;

(f)     Awarding Plaintiff the cost of this action, along with reasonable Attorney's fees;

(g)     Awarding Plaintiff compensatory damages, damages for mental anguish and emotional distress, and damages for humiliation in the maximum amount under the 42 U.S.C. sect. 1981;

(h)      Awarding Plaintiff such punitive damages as will punish the Defendant

and deter future conduct along with any and all other relief allowed by

statute and as this court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial on all the hereinabove raised issues.


Respectfully submitted

   _/s/ James Robinson_              ,
James Robinson # 30969
Law Office of James Robinson LLC
P.O. Box # 771812
St. Louis, MO 63177

314-922-7451 Phone
314-480-7036 Fax
attorneyjrobinson@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served upon the listed
counsel, by electronic filing to the Courts E-File System October 24, 2016, directed to:


Jeremy M. Brenner, Esq.
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite # 1800
St. Louis, MO 63105

And

Aaron W. Chaet, Esq.
WILLIAMS BAX & SALTZMAN PC
221 N. LaSalle St.
Suite 3700

                    _/s/ James Robinson_