UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORISE ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 1576 RWS |
| | ) |
| NORTH AMERICAN SCHOOL | ) |
| BUS d/b/a Missouri Central | ) |
| School Bus and | ) |
| ALBERT CARMEL, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Dorise Robinson was a bus driver for her former employer Defendant North American School Bus ("Bus Company"). She filed this lawsuit against Bus Company and Defendant Albert Carmel in state court alleging that she was subjected to employment discrimination.[1] Defendants removed the case to this Court. In her amended complaint Robinson asserts a claim for a hostile work environment, disparate treatment, and retaliation based on gender pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. She also asserts a claim of retaliation based on gender pursuant to 42 U.S.C § 1981. Defendants filed a motion to dismiss asserting that Robinson's claims are unexhausted or fail to state a claim for relief. Because Robinson's complaint fails to state a claim for

---

[1] Robinson does not expressly state in her complaint whether she is still employed by NACSB. Based on the record before the Court it appears she no longer works for that entity. She does not allege that she was fired by NACSB.

disparate treatment and retaliation I will dismiss those claims. I will deny the motion to dismiss Robison's hostile work environment claim.

*Background*

Plaintiff Dorise Robinson is an African-American female. She was employed by Bus Company as a "Licensed Driver" beginning in June 2012. Robinson alleges in her complaint that, beginning in 2014, she was treated differently from other employees based on her gender. Robinson states that her employer refused to give her driver routes "even when such extra routes were available for additional compensation" and that her routes were routinely given away without cause. She alleges she was called into meetings and "berated, yelled at and threatened with termination." At some unspecified time she was referred to by some unspecified person as "an Arrogant Bitch" and "Bitch" and was once threatened by an unspecified "supervisory personnel specifically threatening 'I'll hit that Bitch in the head with a bat.'"

Robinson alleges that she "alerted [Bus Company] she was contacting the EEOC to report their conduct." She asserts that she was subjected to unexplained write ups and targeted for termination after her "multiple complaints." Robinson alleges that NACSB did not treat male employees in the same manner as Robinson was treated.

Robinson's complaint asserts a Title VII claim in Count 1 with the sub-heading entitled "Gender Discrimination." In support of her claim under Title VII,

Robinson asserts that she was "treated worse that similarly situated male co-workers affecting terms and conditions of her employment because of her gender." In a catch-all paragraph of her Title VII claim in her complaint, Robinson alleges she was subject to discrimination based on "compensation, disparate treatment and retaliation, … because of her race." Nothing in her complaint sets out any facts in support of a race or compensation discrimination claim.

Count II of Robinson's complaint asserts a claim, subtitled "Retaliation," pursuant to 42 U.S.C. § 1981. Robinson alleges that she made internal complaints to Bus Company but no action was taken by Bus Company. Robinson alleges that she told Bus Company that she had "spoken with the Local Civil Rights Agency / EEOC about her concerns." She asserts that after that time she was "disciplined for no legitimate reason and treated [] worse than others." Robinson repeats the paragraph she used in Count I and asserts that she was subject to discrimination based on "compensation, disparate treatment and retaliation, … because of her race." Nothing in Count II of her complaint sets out any facts in support of a race or compensation discrimination claim.

Although Robinson names Defendant Albert Carmel as a defendant in this case, her complaint merely states that he was "employed by [Bus Company] as a supervisor." The complaint does not allege any actions taken by Carmel or otherwise mention him in the complaint.

*Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

*Claims under Title VII*

In her complaint Robinson alleges that she was treated differently than male co-workers based on her gender. She alleges that she was refused bus route assignments, she had route assignments taken away from her, she was referred to at some unspecified time, by some unspecified person, as "Bitch,""Arrogant Bitch," and at some unspecified time was once threatened by an unspecified "supervisory personnel specifically threatening 'I'll hit that Bitch in the head with a bat.'" She also alleges that Bus Company targeted her in retaliation for contacting the EEOC at some unspecified time and reporting her treatment at Bus Company.

Before filing a lawsuit in federal court asserting discrimination claims pursuant to Title VII, a plaintiff must first meet certain conditions. Central to the statutory scheme provided by Title VII is the requirement that a plaintiff exhaust her administrative remedies by filing a charge with the EEOC. Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996)(quotations and citations omitted). The purpose of the exhaustion requirement is to allow the EEOC the opportunity to investigate discriminatory practices and perform its role of obtaining voluntary compliance and promote conciliatory efforts. Id. In order to exhaust administrative remedies, a Title VII plaintiff must timely file charges with the EEOC and obtain from the EEOC, a "right to sue letter." Id. See also 42 U.S.C. § 2000e-5 (b), (c), and (e). After exhausting her administrative remedies, a plaintiff obtains the right to file a civil action in federal court based upon the employment discrimination claim alleged in the EEOC charge, along with allegations that are "like or reasonably related" to that claim. Id. (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)). A failure to exhaust Title VII's administrative remedies, however, bars the plaintiff from filing a civil lawsuit. Williams, 21 F.3d at 222.

Discrete acts such as retaliation, failure to promote, denial of transfer, or refusal to hire constitute separate actionable unlawful employment practices. National R.R. Passenger Corp. v.Morgan, 536 U.S. 101, 114 (2002). "Each

5

discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-daytime period after the discrete discriminatory act occurred." Id. at 113. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. That is because discrete employment decisions do not constitute a continuous violation of Title VII. Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003).

In her complaint Robinson alleges claims for discrete acts of discrimination, including being denied bus routes, being removed from bus routes, and being retaliated against. Her complaint alleges that she was discriminated based on her gender and that male employees were not treated in a similar manner. Robinson's charge with the EEOC, however, does not describe or refer to any of these discrete claims. Instead, Robinson's EEOC charge is based solely on a "sexually hostile work environment" asserting that "Mr. Albert C." used disparaging terms like "bitch" in referring to Robinson and other female employees.

In their motion to dismiss, Defendants' argue that Robinson's Title VII claims should be dismissed because her complaint is limited to discrete acts based on gender discrimination and retaliation which were not asserted in the EEOC complaint. The discrete acts of gender discrimination and the retaliation claims in Robinson's complaint are not like or reasonably related to her hostile work

environment claim. As a result they will be dismissed because they were not exhausted in her EEOC charge.

However, Robinson's complaint also asserts a claim for a hostile work environment. "Harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of the plaintiff's employment and create an abusive working environment." Howard v. Burns Bros., Inc., 149 F.3d 835, 840 (8th Cir. 1998). To satisfy this high threshold of actionable harm, a plaintiff must show that her workplace "was permeated with discriminatory intimidation, ridicule, and insult." Canady v. Walmart Stores, Inc., 440 F.3d 1031, 1035 (8th Cir. 2006). A court is required to look at all of the attendant circumstances, including the frequency of the purported harassment; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance. Willis v. Henderson, 262 F.3d 801, 809 (8th Cir. 2003). "In assessing the hostility of an environment, we look to the totality of the circumstances." Stacks v. Southwestern Bell Yellow Pages, Inc., 27 F.3d 1316, 1327 (8th Cir. 1994).

Whether Robinson's complaint states a hostile work environment claim is resolved by determining whether Robinson pleaded enough facts to state a claim that is plausible on its face. Robinson alleges that she was referred to at some

unspecified time, by some unspecified person, as "Bitch," "Arrogant Bitch," and at some unspecified time was once threatened by an unspecified "supervisory personnel specifically threatening 'I'll hit that Bitch in the head with a bat.'" Although these claims lack detail regarding duration and frequency, in her EEOC charge Robinson states that a supervisor used disparaging terms like "bitch" in referring to Robinson and other female employees. Because all factual allegations in the complaint are view in light most favorable to a plaintiff, I find that Robinson asserts enough facts to state a claim for a hostile work environment.

Robinson's allegations against Defendant Albert Carmel for discrimination fail to state a claim for two reasons. First, Robinson's amended complaint does not assert any facts about or actions taken by Carmel. Second, the claims against Carmel under Title VII fail as a matter of law. It is well settled that Title VII provides for claims only against an individual's "employer" and that individual coworkers, supervisors and managers are not employers under the statute. Bales v. Wal-mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998).

### *Claim under 42 U.S.C. § 1981*

Robinson asserts a retaliation claim for complaining about and/or reporting gender discrimination. This claim fails because § 1981 is limited to race based discrimination. See Hartman v. Smith & Davis Mfg. Co., 904 F.Supp. 983, 986 n. 3 (E.D.Mo.1995) ("Section 1981 is limited to claims of race discrimination and

does not encompass claims of sex discrimination."); see also Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1123 (9th Cir.2008) ("[Section] 1981 creates a cause of action only for those discriminated against on account of their race or ethnicity."); DeGraffenreid v. Gen. Motors Assembly Div., St. Louis, 558 F.2d 480, 486 n.2 (8th Cir. 1977) (a sex discrimination claim is not cognizable under § 1981). Because Robinson's complaint does not assert any facts in support of racial discrimination I will grant Defendants' motion to dismiss this claim.

In summary, I will grant Defendants' motion to dismiss Robinson's gender discrimination claims based on discrete acts of discrimination and retaliation in Counts I and II. The case will proceed on Robinson's remaining claim in Count I, her hostile work environment claim based on gender.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant North American School Bus and Defendant Albert Carmel's motion to dismiss [17] is **granted in part and denied in part**. Plaintiff Dorise Robinson's claims of discrete gender discrimination and retaliation in Counts 1 and 2 are **dismissed with prejudice**.

**IT IS FURTHER ORDERED that** Robinson's claims against Defendant Albert Carmel are **dismissed with prejudice**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2017.